UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-00929-AG-DFMx | Date | June 30, 2017 |
|---|---|---|---|
| Title | THE PARALLAX GROUP INTERNATIONAL, LLC v. INCSTORES LLC | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** **[IN CHAMBERS] ORDER REGARDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OF INVALIDITY**

The Parallax Group International, LLC ("Plaintiff" or "Parallax") alleges that Incstores LLC ("Defendant" or "Incstores") infringes U.S. Patent Nos. D543,764 ("the '764 Patent") and 9,289,085 ("the '085 Patent"). Defendant has moved for summary judgment of invalidity. ("Motion," Dkt. 64.)

Defendant's Motion is **GRANTED IN PART AND DENIED IN PART**.

**1. BACKGROUND**

Plaintiff brought this action for patent infringement against Defendant on May 20, 2016. (Dkt. 1.) In the complaint, Plaintiff alleges that Defendant has offered for sale, sold, used, manufactured, or imported floor mats that infringe Plaintiff's '085 and '764 patents. (*See* Second Am. Compl., Dkt. 42.) According to Plaintiff, the infringing acts include selling reversible floor mats having two different-colored layers made of the same material with each mat having a peripheral wall of teeth and receiving slots. (Dkt. 42-2.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 16-00929-AG-DFMx | Date | June 30, 2017 |
|---|---|---|---|
| Title | THE PARALLAX GROUP INTERNATIONAL, LLC v. INCSTORES LLC | | |

### 1.1 The '764 Patent

The '764 Patent is a design patent filed on January 17, 2006 and issued on June 5, 2007. (Ex. 1 to Motion, Dkt. 64-3, at 2.) The patent claims "[t]he ornamental design for the resilient mat, as shown and described." *Id.*



### 1.2 The '085 Patent

The '085 Patent is a utility patent regarding a floor mat. The purported invention is directed to floor mats comprising two layers bonded together with an undulating boundary between them. ('085 Patent, Abstract.) The mats have "an interlocking periphery boundary adapted so the mats can be interlocked with adjoining mats to form a continuous planar mat flooring." (*Id.*)

The '085 Patent was filed on February 24, 2015 and issued on March 22, 2016. It contains one independent claim and fifteen dependent claims. ('085 Patent at col. 5-6.) The '085 application was a continuation of U.S. patent application Ser. No. 11/105,182 filed on April 13, 2005, which was a continuation-in-part of U.S. patent application Ser. No. 29/203,027, filed on April 8, 2004 and issued on Nov. 21, 2006 under Pat. No. D532,238. (*Id.* at 1:3-8.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-00929-AG-DFMx | Date | June 30, 2017 |
|---|---|---|---|
| Title | THE PARALLAX GROUP INTERNATIONAL, LLC v. INCSTORES LLC | | |

## 2. LEGAL STANDARD

### 2.1 Summary Judgment

Summary judgment is appropriate where the record, read in the light most favorable to the non-moving party, indicates that "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). At the summary judgment stage, the Court "does not assess credibility or weigh the evidence, but simply determines whether there is a genuine factual issue for trial." *House v. Bell*, 547 U.S. 518, 559-60 (2006). Material facts are those necessary to the proof or defense of a claim, as determined by reference to substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In deciding a motion for summary judgment, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

The initial burden is on the moving party to demonstrate an absence of a genuine issue of material fact or to demonstrate that the nonmoving party will be unable to make a sufficient showing on an essential element of its case for which it has the burden of proof. *Celotex*, 477 U.S. at 323. Only if the moving party meets its burden must the non-moving party produce evidence to rebut the moving party's claim and create a genuine issue of material fact. *Id.* at 322-23. If the non-moving party meets this burden, then the motion will be denied. *Nissan Fire & Marine Ins. Co. v. Fritz Co., Inc.*, 210 F.3d 1099, 1103 (9th Cir. 2000).

Only admissible evidence may be considered in connection with a motion for summary judgment. Fed. R. Civ. P. 56(c)(2). Further, all justifiable inferences are to be drawn in the light most favorable to the nonmoving party. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987). But conclusory, speculative testimony in declarations or other evidentiary materials is insufficient to raise genuine issues of fact and defeat summary judgment. *See Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). At the summary judgment stage, the Court "does not assess credibility or weigh

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-00929-AG-DFMx | Date | June 30, 2017 |
|---|---|---|---|
| Title | THE PARALLAX GROUP INTERNATIONAL, LLC v. INCSTORES LLC | | |

the evidence, but simply determines whether there is a genuine factual issue for trial." *House v. Bell*, 547 U.S. 518, 559-60 (2006).

### 2.2 Patent Invalidity

Claims of issued patents are presumed valid. 35 U.S.C. § 282. "A party seeking to establish that particular claims are invalid must overcome the presumption of validity in 35 U.S.C. § 282 by clear and convincing evidence." *State Contracting & Eng'g Corp. v. Condotte Am., Inc.*, 346 F.3d 1057, 1067 (Fed.Cir. 2003). "Although an exact definition is elusive, 'clear and convincing evidence' has been described as evidence that 'place[s] in the ultimate factfinder an abiding conviction that the truth of its factual contentions are highly probable.'" *Pfizer, Inc. v. Apotex, Inc.*, 480 F.3d 1348, 1359 n.5 (Fed. Cir. 2007) (quoting *Colorado v. New Mexico*, 467 U.S. 310, 316 (1984)).

"A patent is invalid for anticipation if a single prior art reference discloses each and every limitation of the claimed invention." *Schering Corp. v. Geneva Pharm., Inc.*, 339 F.3d 1373, 1377 (Fed. Cir. 2003). That is, "unless a reference discloses within the four corners of the document not only all of the limitations claimed but also all of the limitations arranged or combined in the same way as recited in the claim, it cannot be said to prove prior invention of the thing claimed and, thus, cannot anticipate under 35 U.S.C. § 102." *Net MoneyIN, Inc. v. VeriSign, Inc.*, 545 F.3d 1359, 1371 (Fed. Cir. 2008). Also, to anticipate, "the reference must also enable one of skill in the art to make and use the claimed invention." *Bristol-Myers Squibb Co. v. Ben Venue Labs., Inc.*, 246 F.3d 1368, 1374 (Fed. Cir. 2001) (citing *In re Donohue*, 766 F.2d 531, 533 (Fed. Cir. 1985)).

A patent is invalid if a claimed invention is obvious. 35 U.S.C. § 103. An invention is obvious if "the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." 35 U.S.C. § 103(a). A party seeking to invalidate a patent based on obviousness must prove "by clear and convincing evidence that a skilled artisan would have been motivated to combine the teachings of the prior art references to achieve the claimed invention, and that the skilled

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-00929-AG-DFMx | Date | June 30, 2017 |
|---|---|---|---|
| Title | THE PARALLAX GROUP INTERNATIONAL, LLC v. INCSTORES LLC | | |

artisan would have had a reasonable expectation of success in doing so." *Pfizer, Inc. v. Apotex, Inc.*, 480 F.3d 1348, 1361 (Fed. Cir. 2007).

The obviousness determination turns on underlying factual inquiries as to the following: (1) the scope and content of prior art; (2) the difference, if any, between claims and prior art; (3) the level of ordinary skill in pertinent art; and (4) secondary considerations such as commercial success and satisfaction of long felt but unresolved needs. *Graham v. John Deere Co.*, 383 U.S. 1, 17 (1966). To this end, the Federal Circuit's "teaching, suggestion or motivation" test provides helpful insight, as long as it is not applied rigidly. *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 399 (2007).

### 3. ANALYSIS

#### 3.1 Invalidity of the '764 Patent

Defendant contends that the '764 Patent is unpatentable under 35 U.S.C. § 102(b) and § 103 as anticipated or rendered obvious by the EVAHWCG reference. The EVAHWCG reference is an archived webpage containing some of the following images:



UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-00929-AG-DFMx | Date | June 30, 2017 |
|---|---|---|---|
| Title | THE PARALLAX GROUP INTERNATIONAL, LLC v. INCSTORES LLC | | |







(*See* Dkt. 64-10, Ex. 8.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 16-00929-AG-DFMx | Date | June 30, 2017 |
|---|---|---|---|
| Title | THE PARALLAX GROUP INTERNATIONAL, LLC v. INCSTORES LLC | | |

### 3.1.1 Anticipation

To find anticipation of a design patent, the prior art "must be identical in all material respects." *Hupp v. Siroflex of Am., Inc.*, 122 F.3d 1456, 1461 (Fed. Cir. 1997); *see Int'l Seaway Trading Co. v. Walgreens Corp.*, 589 F.3d 1233, 1240 (Fed. Cir. 2009) (holding that the ordinary observer test must logically be the sole test for anticipation).

The Court begins with a comparison of the overall designs, with the '764 Patent on the left, and an embodiment of the EVAHWCG reference on the right.



The EVAHWCG image is somewhat blurry and the mat depicted in the image appears to have more "teeth" at the boundaries than the '764 Patent.

A side-by-side comparison of some close-up depictions reveals similar, but slightly different, corner designs. The '764 Patent shows a smaller corner tooth compared to the side teeth. It also shows tooth shape with more rounded angles, although that may be attributed to the low quality of the zoomed-in image.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-00929-AG-DFMx | Date | June 30, 2017 |
|---|---|---|---|
| Title | THE PARALLAX GROUP INTERNATIONAL, LLC v. INCSTORES LLC | | |



Whether these slight differences are material and whether they change the overall impression of the mat raises a genuine issue of material fact regarding anticipation.

### 3.1.2 Obviousness

Defendant next argues that it would be obvious to modify the EVAHWCG reference to arrive at the claimed design having slight teeth spacing or size differences. (Dkt. 64 at 8.) The Court agrees.

The nonobviousness requirements of 35 U.S.C. § 103 apply to design patents. 35 U.S.C. § 171; *Titan Tire Corp. v. Case New Holland, Inc.*, 566 F.3d 1372, 1380 (Fed. Cir. 2009) ("Design patents are subject to the nonobviousness requirement of 35 U.S.C.A. § 103"). In the context of design patents, "the ultimate inquiry under section 103 is whether the claimed design would have been obvious to a designer of ordinary skill who design articles of the type involved." *Id.* at 1380-81 (internal citation omitted). To answer this question, a court must first determine "whether one of ordinary skill would have combined teachings of the prior art to create the same overall visual appearance as the claimed design." *MRC Innovation Inc. v. Hunter Mfg. LLP*, 747 F.3d 1326, 1331 (2014) (citing *Durling v. Spectrum Furniture Co.*, 101 F.3d 100, 103 (Fed. Cir. 1996)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-00929-AG-DFMx | Date | June 30, 2017 |
|---|---|---|---|
| Title | THE PARALLAX GROUP INTERNATIONAL, LLC v. INCSTORES LLC | | |

That inquiry involves a two-step process. First the court must identify "a single reference, a something in existence, the design characteristics of which are basically the same as the claimed design." *MRC Innovation* at 1331. Second, once this primary reference is found, other references "may be used to modify it to create a design that has the same overall visual appearance as the claimed design." *Id.* These secondary references must be "so related [to the primary reference] that the appearance of certain ornamental features in one would suggest the application of those features to the other." *Id.*

Here, despite minor differences, the embodiments of the EVAHWCG reference have an overall appearance that is basically the same as the the '764 Patent. This is consistent with the decision of the USPTO in granting Incstores' request for reexamination of the '764 Patent. (Dkt. 64-12, Ex. 10 at 2.) Both the prior art and the claimed mats are square, with teeth disposed around the perimeter. Further, the EVAHWCG mats are dual layered and dual color, as shown below:



The general shape of the tooth configuration in the EVAHWCG reference is also the same as the one depicted in the floor mats of the '764 Patent.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-00929-AG-DFMx | Date | June 30, 2017 |
|---|---|---|---|
| Title | THE PARALLAX GROUP INTERNATIONAL, LLC v. INCSTORES LLC | | |



Notably, minor spacing and sizing disparities are more likely a result of functional, rather than ornamental, considerations. But even if the difference is ornamental, it would have been obvious to modify the EVAHWCG reference to arrive at the claimed design. For example, the '764 Patent claims a floor mat with 10 interlocking teeth per side, while the SM-232 model of the EVAHWCG reference shows 15 interlocking teeth per side. The difference is immaterial because the EVAHWCG reference includes other models that also show 10 teeth per side (*e.g.*, the MM-12B model, shown above, which comprises 4 smaller interlocking mats). Further, the other prior art references cited by Defendant (Chang, D'Luzansky, Glydon) teach floor mats having a range of 3-15 teeth per side. (Dkt. 64 at 8.) Thus, modifying the number of teeth to achieve the same overall visual appearance as the claimed design would have been obvious to a designer of floor mats. The Court further observes that the difference in tooth shape between the '764 Patent and the EVAHWCG reference is *de minimis* in floor mat design because the overall impression is still a square floor mat with interlocking teeth in the shape of trapezoids. In sum, the differences would have been obvious to a skilled designer.

To argue non-obviousness of the '764 Patent, Plaintiff submitted a declaration by Bruce Thrush, its CEO, that raises secondary considerations like commercial success. For this evidence to be given weight, however, Plaintiff has to show a nexus between the alleged evidence of secondary considerations and the merits of the claimed design. *See Wm. Wrigley*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-00929-AG-DFMx | Date | June 30, 2017 |
|---|---|---|---|
| Title | THE PARALLAX GROUP INTERNATIONAL, LLC v. INCSTORES LLC | | |

*Jr. Co v. Cadbury Adam USA LLC,* 683 F.3d 1356, 1363-64 (Fed. Cir. 2012). Plaintiff has not done so. Indeed, Defendant has cited prior art references showing that reversible, dual color and textured floor mats existed before the '764 Patent. The law is clear that the required nexus cannot be shown based on claim features available in the prior art. *See Ormco Corp. v. Align Tech., Inc.*, 463 F.3d 1299, 1312 (Fed. Cir. 2006)("[I]f the feature that creates the commercial success was known in the prior art, the success is not pertinent."). Thus, Plaintiff has not established a nexus between the secondary considerations and the claimed design sufficient to overcome the other evidence of obviousness.

### 3.2    Invalidity of the '085 Patent

#### 3.2.1    Obviousness - Scope and Content of Prior Art

Defendant argues that Claim 1 of the '085 Patent is obvious over (1) the EVAHWCG reference in view of the D'Luzansky and MYKICK or Gipple references; and (2) the Chang reference in view of the Glydon and Gipple references. Defendant asserts that all of these references were published before the April 13, 2005 effective filing date of the '085 patent. (Def.'s Motion, Dkt. 64, at 9, 19.) Plaintiff does not dispute that these references are prior art, nor does it dispute the effective filing date of the '085 patent. (Pl.'s Opp'n to Def.'s Statement of Uncontroverted Facts and Conclusions of law (hereinafter "Pl.'s Opp'n to SUF"), Dkt. 82, at ¶¶ 33, 45, 48, 51, 56, 58.)

Representative claim 1 recites:

> 1. A reversible floor matting comprising:
> a body with an interlocking peripheral wall having a plurality of teeth and a plurality of receiving slots, the body comprising a first layer and a second layer that have the same coefficient of thermal expansion;
> wherein the first layer has a first color and the second layer has a second color that is different than the first color; and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 16-00929-AG-DFMx | Date | June 30, 2017 |
|---|---|---|---|
| Title | THE PARALLAX GROUP INTERNATIONAL, LLC v. INCSTORES LLC | | |

> wherein the first layer and second layer are bound together to form an undulating inner boundary therebetween.

('085 Patent at 5:6-15.)

In short, the asserted claims are directed to dual color, interlocking, reversible floor mats comprising two layers that have the same coefficient of thermal expansion and are bound together to form an undulating inner boundary.

The parties do not dispute that dual color, interlocking, reversible floor mats were known in the art and sold well before Parallax's application for invention. Rather, the primary dispute focuses on two claim limitations: (1) "a first layer and a second layer that have the same coefficient of thermal expansion," and (2) "the first layer and second layer are bound together to form an undulating inner boundary therebetween." The Court will address the second limitation first. Because this limitation is dispositive of the issue on obviousness, the Court need not reach the other limitation.

Undulating inner boundary

Defendant relies on two references for teaching undulations: (1) the MyKick reference and (2) the Gipple reference. The MyKick reference is an archived webpage containing the following image:



UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-00929-AG-DFMx | Date | June 30, 2017 |
|---|---|---|---|
| Title | THE PARALLAX GROUP INTERNATIONAL, LLC v. INCSTORES LLC | | |

(Dkt. 64, Ex. 15.) The Gipple reference is a United States Patent titled "fractal interfacial enhancement of composite delamination resistance." (Dkt. 64, Ex. 16.) Gipple teaches forming a first layer with an undulating/fractal surface joined to a second layer. Figure 4(c) of the Gipple reference shows a first composite layer (17) and a second composite layer (21), with a boundary site (25):



There are factual disputes concerning both references. First, it is unclear whether the MyKick reference actually teaches undulations. The only evidence presented by Defendant is a blurry picture of the MyKick mat. (Dkt. 64 at 15.) The image fails to show an undisputed image of undulations. To bolster its argument, Defendant makes a side-by-side comparison of the MyKick reference with an accused product (MMA Mat). (*Id.*) But whether the MMA Mat shows an undulation is irrelevant to whether the MyKick image shows any undulations.

Second, the parties dispute whether the Gipple reference is analogous. A reference is analogous to the claimed invention if: (1) the reference is from the same field of endeavor as the claimed invention; or (2) the reference is reasonably pertinent to the problem faced by the inventor. *See In re Bigio*, 381 F.3d 1320, 1325 (Fed. Cir. 2004). Defendant argues that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SACV 16-00929-AG-DFMx | Date | June 30, 2017 |
|---|---|---|---|
| Title | THE PARALLAX GROUP INTERNATIONAL, LLC v. INCSTORES LLC | | |

Gipple is pertinent to solving the problem of mat delamination by teaching to incorporate an undulating boundary between two layers to increase delamination resistance. (Dkt. 64 at 18.)

Plaintiff responds that Gipple relates to delamination of *composite laminates* and that Gipple's teaching would not logically have commended itself to an inventor's attention in considering his problem of delamination of *polymeric foam floor mats*. (Dkt. 80 at 15.) To support its argument, Plaintiff presents testimony from its CEO, Bruce Thrush, stating that he would not have considered Gipple to be reasonably pertinent to the specific problems associated with delamination of polymeric foam mats. (Dkt. 80-3, Thrush Decl., ¶ 28.)

A fact dispute exists over whether Gipple is reasonably pertinent. Further, Defendant does not address whether Gipple's manufacturing techniques (e.g., machined metal molds, transfer resin molding, etc.) are suitable for foam mats and whether an inventor would consider U.S. Navy composite laminate fabrication procedures to address problems associated with foam floor mats. Accordingly, the Court finds that Plaintiff has raised a genuine issue of material fact on whether Gipple is analogous prior art.

Moreover, there is a dispute of material fact regarding proposed reasons to modify the prior art. For example, Defendant argues that "there were a limited number of options for increasing shear resistance between layers to solve the delamination problem." (Dkt. 64 at 18.) Plaintiff responds that there were numerous factors that could have been the primary cause of delamination, including manufacturing techniques (temperature, pressure, thickness, foaming techniques), variation in quality of raw materials, incompatible chemistries (e.g., between adhesive and EVA foam), etc. (Dkt. 80-3, Thrush Decl. ¶ 29.) Accordingly, there is a genuine issue of material fact concerning the number of solutions available for delamination problems in foam mats.

Because the issues related to obviousness present disputed factual matters, the basis for summary judgment as to obviousness has not been shown.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-00929-AG-DFMx | Date | June 30, 2017 |
|---|---|---|---|
| Title | THE PARALLAX GROUP INTERNATIONAL, LLC v. INCSTORES LLC | | |

### 3.2.2 Enablement

Defendant contends that claims 1-16 of the '085 Patent are invalid for lack of enablement. (Dkt. 64 at 29.) Specifically, Defendant argues that the specification "completely omits any details for (or even mentions) how the first layer and second layer can be made and then bound together 'to form an undulating inner boundary therebetween' as claimed." (*Id.*) Plaintiff responds that Defendant has not made a prima facie showing that a person of ordinary skill in the art would be unable to practice without undue experimentation. (Dkt. 80 at 23.)

"Enablement serves the dual function in the patent system of ensuring adequate disclosure of the claimed invention and of preventing claims broader than the disclosed invention. This important doctrine prevents both inadequate disclosure of an invention and overbroad claiming that might otherwise attempt to cover more than was actually invented." *MagSil Corp. v. Hitachi Global Storage Techs., Inc.*, 687 F.3d 1377, 1380-81 (Fed. Cir. 2012) (citations omitted). "Enablement is a question of law based on underlying factual findings." *Id.* at 1380. "To be enabling, the specification of a patent must teach those skilled in the art how to make and use the full scope of the claimed invention without 'undue experimentation.'" *Genentech, Inc. v. Novo Nordisk, A/S*, 108 F.3d 1361, 1365 (Fed. Cir. 1997) (citations omitted). "[A]lthough experimentation must not be undue, a reasonable amount of routine experimentation required to practice a claimed invention does not violate the enablement requirement." *Cephalon, Inc. v. Watson Pharms., Inc.*, 707 F.3d 1330, 1336 (Fed. Cir. 2013). The "*Wands* factors" are illustrative factors that may be considered when determining if a claimed invention can be practiced without undue experimentation:

> (1) the quantity of experimentation necessary, (2) the amount of direction or guidance presented, (3) the presence or absence of working examples, (4) the nature of the invention, (5) the state of the prior art, (6) the relative skill of those in the art, (7) the predictability or unpredictability of the art, and (8) the breadth of the claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 16-00929-AG-DFMx | Date | June 30, 2017 |
|---|---|---|---|
| Title | THE PARALLAX GROUP INTERNATIONAL, LLC v. INCSTORES LLC | | |

*Id.* (quoting *In re Wands*, 858 F.2d 731, 737 (Fed. Cir. 1988)).

Here, the specification describes a process to make elastomeric mats from a combination of virgin polymer and recycled polymer. ('085 Patent at col. 4.) It does not expressly address forming undulating boundaries between layers, but it is unclear from the evidence: (1) whether an undulating boundary would inherently be formed using the process, and (2) whether a skilled artisan would be able to make a dual-layer mat with an undulating inner boundary between the layers without undue experimentation. The evaluation of the *Wands* factors in making such a determination is incomplete. Accordingly, the Court finds that there is at least a genuine issue of material fact regarding enablement.

### 4. DISPOSITION

Defendants' Motion for Summary Judgment of Invalidity is **GRANTED** as to the '764 Patent and **DENIED** as to the '085 Patent.

Plaintiff's motion for leave to file supplemental declaration (Dkt. 87) is moot.

: 0

Initials of Preparer

lmb